UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRADLEY SMITH, an individual, ) | |
| ) | |
| Plaintiff Pro Se, ) | |
| ) | |
| v. ) | Misc. No. 3:17-mc-0001 |
| ) | |
| DEBORAH GARCIA, ) | No. 1:16-cv-00144-S-LDA |
| ) | (U.S. District Court, District of Rhode Island) |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| MYVESTA FOUNDATION, ) | |
| ) | |
| Defendant-intervenor. ) | |

### RESPONSE OF MYVESTA FOUNDATION, PAUL ALAN LEVY, AND PUBLIC CITIZEN LITIGATION GROUP TO MOTION TO QUASH, FOR PROTECTIVE ORDER AND FOR SANCTIONS

The subpoena proceeding in this case arises from a scam orchestrated by a man named Richart Ruddie, who ran a "search engine optimization" and "reputation management" scheme, charging tens of thousands of dollars for the service of suppressing public access to blog articles alerting consumers to problems with debt relief companies. Ruddie arranged to have defamation suits filed in various state and federal courts around the country, submitting forged consent orders signed by non-existent defendants. One such case was filed in the United States District Court for the District of Rhode Island. After Chief Judge William E. Smith learned that he had been tricked by this fraud into signing a consent order, he granted a motion for leave to intervene filed by Myvesta Foundation, the blog host victimized by the scheme; dismissed the case for lack of subject matter jurisdiction; and ordered briefing on the issue of attorney fees under Rhode Island's anti-SLAPP law, as well as sanctions under the Court's inherent authority. Chief Judge Smith specifically authorized

discovery to identify those responsible for the fraud. He also asked the United States Attorney to investigate federal crimes implicated by the fraud.

Pursuant to Chief Judge Smith's orders, Myvesta subpoenaed Bennett Wills because, while Mr. Wills was practicing law in Baltimore, he filed one of the state-court cases that form part of the scheme at issue in Rhode Island. Mr. Wills' motion is based in substantial part on the theory that, when fraudulent papers are filed in a federal court, the court lacks the power to impose sanctions for the fraud once it decides that there was no jurisdiction over the merits. That is not what the Supreme Court said in *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), and the Sixth Circuit has repeatedly ruled that district courts may consider sanctions and attorney fees issues even after deciding that there was no jurisdiction over the merits, so long as the sanctions are for pre-dismissal conduct.[1]

Kurt Nachtman, the attorney previously representing Mr. Wills in connection with the subpoena, served Rule 45 objections to Myvesta Foundation's subpoena, thus suspending Mr. Wills' obligation to produce documents unless the Court were to order such production pursuant to a motion to compel. Because the Rule 45 objections raised the issue of relevance, Myvesta's counsel Paul Alan Levy responded, in furtherance of meet-and-confer obligations, with the reasons why the material subpoenaed from Mr. Wills was centrally relevant to the issues pending before Chief Judge Smith. Counsel also began to discuss a compromise, whereby an affidavit might make production of documents unnecessary. The motion for sanctions ignores that explanation and the compromise discussion. In the event that it is necessary to address relevance and privilege, Myvesta asks leave

---

[1]*TC Power Ltd. v. Guardian Indus. Corp.*, 568 Fed. Appx. 376, 379 (6th Cir. 2014); *Brown v. Upper Arlington*, 637 F.3d 668, 672-673 (6th Cir. 2011); *Children's Ctr. for Devel. Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010); *Red Carpet Studios Div. of Source Advantage v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006); *Williams v. Cochran*, 187 F.3d 639, at *3 (6th Cir. 1999) (mem.); and *Stallworth v. Greater Cleveland Regl. Transit Auth.*, 105 F.3d 252, 255-57 (6th Cir. 1997). *See also Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1060-1064 (6th Cir. 2008).

to file its explanation partly under seal, because the United States Attorney's office in Rhode Island has asked Myvesta to minimize public explanations of the fraudulent scheme for which sanctions were sought, to avoid impeding the parallel criminal investigation.

Myvesta hopes, however, that no further filings are needed. On Friday, February 24, 2017, when Mr. Wills filed his motion to quash and for sanctions, Myvesta was on the verge of settling the outstanding issues of attorney fees in the Rhode Island court. Had Mr. Wills' new counsel held the meet-and-confer with Myvesta that the local rules require, or if he had taken steps to formulate the joint statement of issues that must be presented with any discovery motion, he would have learned that fact. As of last night, the claim under Rhode Island's anti-SLAPP law has been settled and Myvesta's anti-SLAPP claims released; the discovery sent to Mr. Wills thereby became moot. There is, therefore, no need to decide whether to quash the subpoena or to grant a protective order. If further briefing is needed on the issue of sanctions, however, Myvesta is prepared to present it along with a request for filing partially under seal.

Of Counsel:
Paul Alan Levy[2]
Public Citizen Litigation Group
1600 - 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

Respectfully submitted,
*/s/ Thor Y. Urness*   Thor Y. Urness (TN Bar No. 13641) BRADLEY ARANT BOULT CUMMINGS PLC
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 244-2582
turness@bradley.com

*Attorneys for Myvesta Foundation, Paul Alan Levy and Public Citizen Litigation Group*

---

[2] Mr. Levy is not a member of the Court's Bar. Should further briefing be required, he will seek leave to appear pro hac vice.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been forwarded for service via ECF on the following on this 3rd day of March, 2017:

    Thomas W. Shumate IV (#019595)
    Meridian Law, PLLC
    Suite B-200
    2002 Richard Jones Road
    Nashville, Tennessee 37221

                                      */s/ Thor Y. Urness*
                                      Thor Y. Urness