# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT
# OF TENNESSEE

| | | |
|---|---|---|
| BENNETT J. WILLS | ) | |
| | ) | |
| Petitioner, | ) | Misc. No: 3:17-mc-00001 |
| | ) | |
| v. | ) | Magistrate Judge Barbara D. Holmes |
| | ) | |
| PAUL ALAN LEVY | ) | Original Action: |
| | ) | Case 1:16-cv-00144-D-LSA |
| Respondent. | ) | United States District Court for the |
| | ) | District of Rhode Island |
| | ) | |

## REPLY TO PAUL ALAN LEVY'S RESPONSE TO PETITIONER'S MOTION TO QUASH OUT-OF-DISTRICT SUBPOENA AND REQUEST FOR DISMISSAL

Respondent's response to Petitioner's Motion to Quash mischaracterizes the issues in order to try to avoid the threat of sanctions. Contrary to Respondent's response, Petitioner's position is that a district court may not issue process, including subpoenas, when the issuing court does not have subject-matter-jurisdiction. Here, the Rhode Island District Court held specifically that it lacked subject matter jurisdiction, so the subpoena that Respondent issued is an abuse of process and is sanctionable. That is because this is not a situation where the Rhode Island District Court awarded sanctions prior to determining that it lacked subject matter jurisdiction but retained jurisdiction to enforce an award of sanctions. <u>Nevertheless, Respondent notified this Court that he settled the matters pertaining to the original Rhode Island District Court action, so the basis for the subpoena he issued is now "moot"</u>. (Document 4, p. 3)

1

Contrary to Respondent's Response, Petitioner's Maryland and Tennessee attorneys attempted to resolve this matter – both before and after filing the Motion to Quash - but Respondent was unwilling to negotiate on reasonable grounds, including threatening to move to compel Petitioner to respond to the subpoena *even before the response date had passed*.[1] Moreover, at no point prior to the filing of Petitioner's Motion to Quash did Respondent or his Tennessee counsel indicate that they were on the "verge of settling the outstanding issues of attorney fees in the Rhode Island court." (Document 4, p. 3)

Approximately twenty-four hours prior to Respondent filing his response with this Court, he left a voicemail with undersigned counsel's office indicating his willingness to file a joint stipulation of dismissal in light of the alleged settlement. Undersigned counsel immediately forwarded a stipulation of dismissal to Respondent for his review. Rather than responding to counsel for Petitioner directly, having his Tennessee attorney contact undersigned counsel[2], or even proposing reasonable changes to the proposed stipulation, Respondent filed an inflammatory and completely unnecessary response. In short, it appears that Respondent "ghostwrote" the response filed by his Tennessee counsel and filed it as a parting shot at Petitioner for objecting to his improper subpoena.

---

[1] Petitioner complied with the Local Rules given the prior discussions between Respondent and Petitioner's Maryland counsel. Counsel for Petitioner also notified Respondent that he had been out of the office due to several family members being ill with the flu but was willing to schedule a meet-and-confer at a mutually agreeable time. Neither Respondent nor his Tennessee counsel took him up on that offer, opting instead to ignore Petitioner's proposed Stipulation of Dismissal and to file an unnecessary and inflammatory response with this Court.

[2] At no point during the pendency of this action has Respondent's Tennessee counsel contacted Petitioner or his counsel of record. Petitioner's counsel did not know that Mr. Urness was representing Respondent and/or his client until he filed the Response to Petitioner's Motion to Quash. Prior to that time, it was Petitioner's understanding that Mr. Urness' only involvement was having his office serve as the place of delivery of any materials produced in response to the subpoena as he had not entered an appearance or filed anything with the Court.

Therefore, the only issue that seems to remain in this matter is the issue of sanctions. Despite Respondent's conduct, Petitioner has no desire to continue to litigate that issue or waste this Court's time and resources. <u>Since Respondent has agreed that the subpoena to Petitioner is "moot", Petitioner agrees to withdraw his request for sanctions</u>. (Document 4, p. 3). Wherefore, Petitioner respectfully moves this Court to dismiss this matter.

Respectfully submitted,

 /s/ Thomas W. Shumate IV_____
Thomas W. Shumate IV (#019595)
Meridian Law, PLLC
2002 Richard Jones Road
Suite B-200
Nashville, TN 37221
(615) 229-7499
tom.shumate@meridian.law
*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2017, a copy of the foregoing Reply was served via this Court's electronic filing system on:

Thor Y. Urness
1600 Division St., Ste.700
Nashville, TN 37203

 /s/ Thomas W. Shumate IV_____
Thomas W. Shumate IV
